## CHARLEY PORTLOCK v. STATE.

No. A-5903.   Opinion Filed Aug. 20, 1927.
(258 Pac. 1070.)

Anglin & Stevenson, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Hughes county on a charge of transporting whisky and was sentenced to a term of 30 days in the county jail and to pay a fine of $50.

The information charges defendant with unlawfully transporting whisky. Only one witness, Birt Hodges, a deputy sheriff, testified. The substance of his testimony is that he saw defendant come out of an alley on Main street and go to Hamp Dennis' store. That he followed him and caught up with him in the store building where he was with Mr. Parker. That he found between a half pint and six ounces of whisky on his person. He had no search warrant nor warrant for arrest and did not see the defendant in the commission of any offense. His testimony is as follows:

"Q. Did you search the defendant? A. Yes, sir.

"Q. You found some whisky on his person? A. Yes, sir.

"Q. Did you have a warrant for his arrest? A. No, sir.

"Q. Did you have a search warrant? A. No. sir.

"Q. You took the whisky out of his shirt bosom? A. Yes, sir.

"Q. You didn't know he had it? A. I don't understand.

"Q. You didn't know he had the whisky. A. No, sir. * * *"

It is a violation of the provisions of the Bill of Rights of the state Constitution against unreasonable searches for an officer without a search warrant, or a warrant of arrest, or without having made an arrest for an offense committed or attempted in his presence, to search the person of a citizen on mere suspicion. The evidence here discloses a flagrant violation of this constitutional guaranty. Evidence obtained in this manner is not competent and a conviction based on it cannot be sustained.

The case is reversed and remanded, with instructions to dismiss.

DOYLE, P. J., and DAVENPORT, J., concur.